1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN YOUNG,

              Plaintiff,

        v.

ROMANY MCNAMARA,

              Defendant.

Case No. 20-03519 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff is suing his public defender, Romany McNamara, for allegedly withholding a tape statement that proves Plaintiff's innocence. Dkt. No. 1 at 3. Plaintiff claims that "she also refuse[d] to call the detective, Wendy Cross to the stand cause Ms. Cross knew I was innocent, and Cross had access to this tape statement." *Id.* For relief, Plaintiff seeks an affidavit from Defendant stating why she withheld the tape statement, for her to provide the tape statement to Plaintiff, along with damages for her "negligence." *Id.*

Plaintiff fails to state a claim for relief because he cannot satisfy either element for a § 1983 claim, *i.e.*, that a constitutional or federal right was violated by a state actor. First of all, Plaintiff fails to allege what constitutional or federal right was violated, and negligence is not actionable under § 1983. Secondly, a public defender does not act under color of state law when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 93 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County*. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir.) (en banc), *cert. denied*, 540 U.S. 814 (2003). Here, Plaintiff's allegations involve Defendant McNamara's actions as his public defender in the performance of a lawyer's traditional functions, i.e., the decision to call a witness during trial. Accordingly, it cannot be said that Defendant McNamara was acting under color of state law when she committed the alleged acts. *See*

United States District Court
Northern District of California

1    *Polk County*, 454 U.S. at 318-19.

2    It appears that Plaintiff is attempting to obtain evidence to prove his innocence of

3    criminal charges.  A district court "may take notice of proceedings in other courts, both

4    within and without the federal judicial system, if those proceedings have a direct relation

5    to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal

6    quotation marks and citations omitted) (granting request to take judicial notice in § 1983

7    action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that

8    she deserved special treatment because of her *pro se* status).  The Court takes judicial

9    notice of a 28 U.S.C. § 2254 habeas action filed by Plaintiff in this district in 2014,

10   challenging his 2012 conviction out of Alameda County for rape, second degree robbery,

11   false imprisonment, and evading a peace officer.  *Young v. Barnes*, Case No. 14-03550

12   EJD (PR).[1]  He was sentenced on June 27, 2012, to twenty-three years and eight months in

13   state prison.  *Id.*, Dkt. No. 53 at 1.  The Court denied the petition, finding no merit to the

14   claims that the trial court denied the petitioner's right to self-representation, the trial court

15   allowed the destruction of exculpatory evidence (his cell phone) without allowing the

16   petitioner prior access, and the trial court improperly admitted evidence of prior bad acts.

17   *Id*.  Thereafter, Plaintiff filed two more federal habeas petitions which were dismissed as

18   second and successive under 28 U.S.C. § 2244(b)(3)(A) for lack of an order from the Ninth

19   Circuit Court of Appeals authorizing the district court to consider a renewed challenge to

20   his state conviction.  *See Young v. Sup. Ct. Cty. Alameda*, Case No. 16-cv-06616-EJD

21   (PR); *Young v. Sup. Ct. Cty. Alameda*, Case No. 19-cv-02117-EJD (PR).  It appears that

22   Plaintiff is herein making a back-door attempt to challenge that same conviction by

23   asserting his innocence through a § 1983 suit for damages against his public defender.  He

24   may not because such an action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

25   In order to recover damages for an allegedly unconstitutional conviction or

26

27   [1] The name and unique CDC# (T15087) of the petitioner matches that of Plaintiff in this
     matter.

28                                          3

United States District Court
Northern District of California

1   imprisonment, or for other harm caused by actions whose unlawfulness would render a

2   conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

3   or sentence has been reversed on direct appeal, expunged by executive order, declared

4   invalid by a state tribunal authorized to make such determination, or called into question

5   by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-487.  A

6   claim for damages bearing that relationship to a conviction or sentence that has not been so

7   invalidated is not cognizable under § 1983.  *Id.* at 487.  When a state prisoner seeks

8   damages in a § 1983 suit, the district court must therefore consider whether a judgment in

9   favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

10  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

11  conviction or sentence has already been invalidated.  *Id.*

12       Here, a judgment in favor of Plaintiff against his public defender for withholding

13  evidence that would prove his innocence would necessarily imply the invalidity of his

14  conviction.  Therefore, the complaint must be dismissed unless Plaintiff can demonstrate

15  that the conviction has already been invalidated.  *See Heck*, 512 U.S. at 487.  As discussed

16  above, Plaintiff cannot make such a showing since his federal habeas petition was denied

17  on the merits and he remains imprisoned under a valid conviction.  *See supra* at 3.

18  Accordingly, this action must be dismissed as barred by *Heck*, 512 U.S. at 487.

19

20                              **CONCLUSION**

21       For the foregoing reasons, the complaint is **DISMISSED** without prejudice as

22  barred by *Heck*, 512 U.S. at 487.

23       **IT IS SO ORDERED.**

24  **Dated:  _September 14, 2020____**

25                                               BETH LABSON FREEMAN
                                                 United States District Judge
26  Order of Dismissal
    PRO-SE\BLF\CR.20\03519Young_dism(Heck)
27

28                                    4